No. 12-3639

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

**MICHAEL B. KINGSLEY,**

Plaintiff-Appellant,

v.

**STAN HENDRICKSON and
FRITZ DEGNER,**

Defendants-Appellees.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN IN CASE
NO. 10-CV-0832, HONORABLE BARBARA B. CRABB**

**CIRCUIT RULE 54 STATEMENT**

Sarah O. Schrup
APPELLATE ADVOCACY CENTER
NORTHWESTERN UNIVERSITY
SCHOOL OF LAW
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-0063

Wendy M. Ward
Jeffrey S. Ward
Emily M. Wessels
MERCHANT & GOULD P.C.
10 E. Doty Street, Suite 600
Madison, WI 53703
(608) 280-6750

*Attorneys for Plaintiff-Appellant
Michael B. Kingsley*

August 14, 2015

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... i

TABLE OF AUTHORITIES ..................................................................................... ii

BACKGROUND ........................................................................................................ 1

DISCUSSION ............................................................................................................ 3

CONCLUSION .......................................................................................................... 5

TABLE OF AUTHORITIES

**<u>Cases</u>**

*Aliotta v. Nat'l R.R. Passenger Corp.,*
    315 F.3d 756 (7th Cir. 2003) ................................................................................4

*Cotts v. Osafo,*
    692 F.3d 564 (7th Cir. 2012) .............................................................................3, 4

*Kingsley v. Hendrickson,*
    744 F.3d 443 (7th Cir. 2014). ...............................................................................2

*Kingsley v. Hendrickson,*
    135 S. Ct. 2466 (2015)........................................................................................2, 3

*Sandstrom v. Montana,*
    442 U.S. 510 (1979)................................................................................................4

**<u>Other Sources</u>**

Cir. R. 54 ........................................................................................................................1

42 U.S.C. § 1983 .........................................................................................................1, 4

Plaintiff-Appellant MICHAEL B. KINGSLEY, by his attorneys, respectfully submits this statement pursuant to Seventh Circuit Rule 54 and this Court's July 24, 2015 Notice. (Dkt. 53.)

**BACKGROUND**

In 2010, Mr. Kingsley sued Defendants-Appellees Sergeant Stan Hendrickson and Deputy Fritz Degner under 42 U.S.C. § 1983, alleging that the jailers used excessive force in violation of his Fourteenth Amendment rights when he was a pretrial detainee at the Monroe County Jail. It is undisputed that Deputy Degner "tased" Mr. Kingsley at the direction of Sergeant Hendrickson while Mr. Kingsley was prone and handcuffed on a concrete bunk and surrounded by several officers. After the district court denied Defendants-Appellees' summary judgment motion, the case went to a jury trial on October 15-17, 2012. Over Mr. Kingsley's objection, the district court instructed the jury at the close of trial that in order to succeed on his claim, Mr. Kingsley was required to prove, among other things, that the force was "applied recklessly"; that the defendants "recklessly disregarded plaintiff's safety"; and that the defendants "acted with reckless disregard of plaintiff's rights."(Dkt. 12-1, at A 3-4.[1])

After being charged with these instructions and deliberating, the jury found in favor of Defendants-Appellees. The district court entered judgment on October 23, 2012, and Mr. Kingsley timely appealed to this Court.

On appeal, Mr. Kingsley argued that under prevailing case law, the applicable standard for an excessive force claim brought by a pretrial detainee is whether the

---

[1] Jury Instructions attached hereto as Exhibit A.

1

challenged conduct constitutes an objectively unreasonable use of force under the circumstances. Mr. Kingsley reiterated that the jury instructions as given were likely to have confused the jury and prejudiced him at trial. A divided panel of this Court upheld the verdict on March 3, 2014, holding that the law required a "subjective inquiry into the defendant's state of mind" and "an actual intent to violate plaintiff's constitutional rights or reckless disregard for his rights." *Kingsley v. Hendrickson*, 744 F.3d 443, 451-52 (7th Cir. 2014). Judge Hamilton dissented, arguing that the use of the term "reckless" in the jury instructions "added an unnecessary and confusing element" to Mr. Kingsley's excessive force claim, and that Mr. Kingsley should have been given a new trial with jury instructions that did not require a finding that the officers acted with a specific subjective intent. *Id.* at 455-56 (Hamilton, J., dissenting). This Court denied Mr. Kingsley's petition for rehearing en banc.

Mr. Kingsley then filed a petition for a writ of certiorari with the United States Supreme Court. The Supreme Court granted Mr. Kingsley's petition, and on June 22, 2015, vacated the judgment and remanded the case to this Court. The Supreme Court agreed with dissenting Circuit Judge Hamilton, holding that, consistent with Court precedent, "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

According to the Supreme Court, under the correct standard, then, Mr. Kingsley's excessive force claim required "only that the officers' use of . . . force was *objectively* unreasonable." *Id.* at 2470. The Supreme Court held that the jury instructions improperly and erroneously "suggested the jury should weigh [the officers'] subjective

2

reasons for using force and subjective views about the excessiveness of the force." *Id.* at 2477. The Supreme Court vacated the underlying decisions and remanded for proceedings consistent with its opinion.

## DISCUSSION

**This Court Should Remand This Case to the District Court for a New Trial.**

The Supreme Court held that the appropriate standard for excessive force claims by pretrial detainees is an objective one. *Id.* at 2473. The Supreme Court further recognized that the jury instructions given below contained subjective elements. *Id.* at 2476-77. Jury instructions that misstate elements of the claim cannot be harmless error. *Cotts v. Osafo*, 692 F.3d 564, 570 (7th Cir. 2012) (finding that "confusion in the instructions" prejudiced appellant, in part because "[t]he erroneous instruction went to the elements" of appellant's claim). Accordingly, this Court should remand to the district court for a new trial.[2]

Specifically, the jury instructions given below misstated the law applicable to excessive force claims brought by pretrial detainees by requiring Mr. Kingsley to prove, in addition to objective unreasonableness, subjective elements related to recklessness in three separate varieties. (*See* Ex. A.) The jury instructions thus set forth an incorrect

---

[2] This Court should not entertain any suggestion from Defendants-Appellees that qualified immunity somehow enters the calculus as to how this Court should proceed. The district court categorically rejected the two qualified immunity theories the defendants raised below, and they waived any theories supporting that defense as the case proceeded through the appeal process. In any event, it was well established as of May 2010, when Mr. Kingsley was tased, that officers cannot apply force unreasonably and would not have been entitled to qualified immunity if they used objectively unreasonable force under the circumstances.

3

standard with additional subjective elements not required for Mr. Kingsley to prove his § 1983 excessive force claim. This additional, erroneous burden could only serve to confuse the jury and prejudice Mr. Kingsley. Under these circumstances, a new trial is the appropriate remedy. *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 770 (7th Cir. 2003); *see also Sandstrom v. Montana*, 442 U.S. 510, 517 (1979); *Cotts*, 692 F.3d at 570 (remanding for a new trial when the erroneous jury instructions "would likely leave a reasonable juror confused"). Because this misstatement of the law directly related to the elements of Mr. Kingsley's excessive force claim, and in fact, added an element that does not apply, the error was *per se* prejudicial and a new trial is required.

Even if the error in the instructions was not *per se* prejudicial, the legal shortcomings in the district court's jury instructions likely confused and misled the jury. Indeed, the jury may have been persuaded by the testimony of Mr. Kingsley's expert that the officers' use of force did not comport with professional standards of conduct and was unreasonable under the circumstances. (*See, e.g.*, Dkt. 12-2, at SA 99-100, SA 105-07.[3]) Nevertheless, the erroneous jury instructions *required* the jury to find that even if the force was objectively unreasonable, they must still find in favor of the defendants unless Mr. Kingsley also proved subjective recklessness. If the jurors believed that the force was unreasonable under the circumstances, the inquiry should have ended with a verdict in Mr. Kingsley's favor. Mr. Kingsley was prejudiced by the improper instructions, and, as a result, is entitled to a new trial.

---

[3] Cited testimony attached hereto as Exhibit B.

4

## CONCLUSION

For the foregoing reasons, Mr. Kingsley respectfully requests that this Court vacate the judgment of the district court and remand the case for a new trial.

Date: August 14, 2015

Respectfully submitted,

s/ Wendy M. Ward
Wendy M. Ward
Jeffrey S. Ward
Emily M. Wessels
MERCHANT & GOULD P.C.
10 E. Doty St., Suite 600
Madison, WI 53703
(608) 280-6750

Sarah O. Schrup
APPELLATE ADVOCACY CENTER
NORTHWESTERN UNIVERSITY
SCHOOL OF LAW
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-0063

*Attorneys for Plaintiff-Appellant*
*Michael B. Kingsley*

# Exhibit A

Multiple Defendants

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable. In considering a claim against a defendant, you must not consider evidence admitted only against other defendants.

Special Verdict Questions

Plaintiff alleges that defendants used excessive force against him.

Question No. 1 asks whether on May 21, 2010, one or both defendants used excessive force against plaintiff.

Excessive force means force applied recklessly that is unreasonable in light of the facts and circumstances of the time. Thus, to succeed on his claim of excessive use of force, plaintiff must prove each of the following factors by a preponderance of the evidence:

(1) Defendants used force on plaintiff;

(2) Defendants' use of force was unreasonable in light of the facts and circumstances at the time;

(3) Defendants knew that using force presented a risk of harm to plaintiff, but they recklessly disregarded plaintiff's safety by failing to take reasonable measures to minimize the risk of harm to plaintiff; and

(4) Defendants' conduct caused some harm to plaintiff.

In deciding whether one or more defendants used "unreasonable" force against plaintiff, you must consider whether it was unreasonable from the perspective of a reasonable officer facing the same circumstances that defendants faced. You must make this decision based on what defendants knew at the time of the incident, not based on what you know now.

Also, in deciding whether one or more defendants used unreasonable force and acted with reckless disregard of plaintiff's rights, you may consider such factors as:

- The need to use force;
- The relationship between the need to use force and the amount of force used;
- The extent of plaintiff's injury;
- Whether defendants reasonably believed there was a threat to the safety of staff or prisoners; and
- Any efforts made by defendants to limit the amount of force used.

A person can be harmed even if he did not suffer a severe injury.

You have heard evidence about whether the defendants' conduct complied with or violated their training and Monroe County Sheriff's Department policies. You may consider this evidence in your deliberations. But remember that the issue is whether the defendants used excessive force on plaintiff, not whether defendants complied with or violated their training or the Monroe County Sheriff's Department policies.

If you find that plaintiff has proved each element of his excessive force claim by a preponderance of the evidence with respect to one or both defendants, you should answer "Yes" in the appropriate space in Question No. 1. Then proceed to Question No. 2.

If, on the other hand, you find that plaintiff has failed to prove any element of his excessive force claim by a preponderance of the evidence with respect to one or both defendants, you should answer "No" in the appropriate space in Question No. 1. If you answer "No" as to both defendants in Question No. 1, you should not consider any more questions.

### Damages Questions

Questions Numbers 2, 3 and 4 involve the issue of damages. If you answer "Yes" to Question No. 1 for one or both defendants, then you must answer Question No. 2 and Question No. 3 for those defendants.

# Exhibit B

1  unreasonable force.  We think that's essentially a legal
2  conclusion and that he should not be permitted to
3  testify to it.  I do have citations if that would assist
4  the Court.
5       MR. PARDON:  I think the answer to your motion
6  in limine, to the motion in limine was an accurate
7  description of the law.  I think he can testify.  He's
8  talking about what the standards are, how officers are
9  expected to act, and he's going to testify whether
10 that's reasonable.
11      THE COURT:  Right.  We'll stick with that, with
12 the ruling.  Okay.
13      (End of side bar discussion at 2:35 p.m.)
14 BY MR. PARDON:
15 Q   Getting back to where we were, let me reask the
16 question.  What were you asked to do in connection with
17 this case?
18 A   I was asked to review the case and establish an
19 opinion based upon my review, and my opinion was that --
20 my first opinion was that the use of the taser was
21 unreasonable.
22      My second opinion that I've established is that the
23 handcuffing that was done on Mr. Kingsley was not done
24 appropriately and could have led to the handcuffs not
25 being applied appropriately to tension in the arms of

BRIAN LANDERS - DIRECT

1  Mr. Kingsley.
2      The last opinion that I've established was that the
3  control tactics done by Sergeant Hendrickson in the
4  receiving cell of Mr. Kingsley were also unreasonable.
5  Q   Okay.  I'm going to ask you more detail about those
6  opinions in a bit.  But I would just like to back up a
7  little bit and say what things did you do personally to
8  come to those conclusions?
9  A   I reviewed the incident reports that were supplied
10 to me.  I reviewed the videos that were supplied to me.
11 I also reviewed the policies by Monroe County.  I've
12 reviewed the deposition of Mr. Kingsley.  I've also used
13 the -- used the State training manuals that were present
14 at the time of the incident.  And I used my own training
15 and experience to establish my opinion.
16 Q   Okay.  Did you review the training records of the
17 officers in this case as well?
18 A   Yes, I did.
19 Q   All right.  All right.  I'd like to turn now to
20 your opinion on the use of the taser, and if you could
21 summarize why do you believe that the use of the taser
22 on Mr. Kingsley under this circumstance was
23 unreasonable?
24 A   The use of a taser is -- a taser is a weapon.  The
25 use of a taser in our state and also throughout many
                    BRIAN LANDERS - DIRECT

Case: 12-3639    Document: 12-2    Filed: 02/13/2013    Pages: 113
Case: 3:10-cv-00832-bbc   Document #: 154   Filed: 11/05/12   Page 97 of 164

2-P-97

1  the deputies complied with the Monroe County policy in
2  this case?
3  A    In particular attention is No. 4, "Intermediate
4  weapon and the use of a stun device or an electronic
5  security belt."
6        MR. JONES:  I'm going to object to the
7  testimony, Your Honor, as being irrelevant.
8        MR. PARDON:  May I?
9        THE COURT:  Mr. Pardon.  Oh, I thought you
10 wanted to be heard.
11       MR. PARDON:  I do.
12       THE COURT:  Okay.  Go ahead.
13       MR. PARDON:  I mean it's in his report and it's
14 relevant to the expectations of how force was to be
15 used.
16       THE COURT:  I'll overrule the objection.  I
17 think this is appropriate testimony.
18 BY MR. PARDON:
19 Q    Okay.  You were referring to Sec. 4 I think of the
20 report.  How does that inform your opinions in this
21 case?
22 A    It informs my opinions that the expectation of
23 performance by Monroe County employees was that the
24 intermediate weapon, which would be in today's language
25 -- actually language at the time, but it was not

BRIAN LANDERS - DIRECT

Case: 12-3639  Document: 12-2  Filed: 02/13/2013  Pages: 113
Case: 3:10-cv-00832-bbc Document #: 154 Filed: 11/05/12 Page 98 of 164

2-P-98

1  updated, would be protective alternative. So what
2  they've essentially done is they said that where the
3  state has said that you can use a taser or a stun device
4  at a level of control alternatives which is -- control
5  alternatives would again be when you're facing active
6  resistance or threat, they put it at one level even
7  higher. Now --
8      THE COURT: I'm sorry, when you say *they*, who
9  are you talking about?
10     THE WITNESS: Monroe County. I'm sorry, Ma'am.
11 They put that at one level higher. So this is at a
12 level that is in today's time, you would be faced with
13 ongoing resistance or assaultive behavior in which you
14 really have a definitive fear that you're going to be
15 seriously hurt by this person.
16     So what Monroe County did is they told their
17 deputies even though the state is saying this, you can
18 use the taser at a lower level, we expect you to use it
19 at an even higher level, which would be equal to use of
20 a baton.
21 BY MR. PARDON:
22 Q   All right. Set that aside then. Just briefly
23 again then, could you, just to sum it up, summarize your
24 opinion about why the use of the taser was not
25 appropriate in this case?
                BRIAN LANDERS - DIRECT

Case: 12-3639    Document: 12-2    Filed: 02/13/2013    Pages: 113
Case: 3:10-cv-00832-bbc   Document #: 154   Filed: 11/05/12   Page 99 of 164

2-P-99

1  A    There was no active resistance.  There was no
2  intentional threat of bodily harm against any of the
3  deputies that were there.
4  Q    All right.  I'd like to ask you about a second
5  opinion you expressed in this case.  You testified
6  earlier that the handcuffs were improperly applied.  Do
7  you recall that?
8  A    Yes, I do.
9  Q    All right.  And that that, in fact, may have led
10 to -- it was possible that that led to tension and pain
11 on the part of Mr. Kingsley.  Do you recall that?
12 A    Yes.
13 Q    All right.  And just to be clear, are you saying
14 that there was resistive tension by Mr. Kingsley?
15 A    I'm just saying that that was what was reported in
16 the officers' reports.
17 Q    Now you said that the handcuffs were put on
18 improperly and I'm wondering if you could just describe
19 and perhaps demonstrate to the jury a proper means of
20 putting on a handcuff.
21 A    Okay.  Handcuffs are generally placed on a person
22 in either a compliant or noncompliant fashion, whatever
23 the subject is exhibiting at the time.  In a compliant
24 fashion, officers are trained how to verbalize with the
25 person, how to stabilize a person, how they move in to
              BRIAN LANDERS - DIRECT

✓ **CERTIFICATE OF SERVICE**
**Certificate of Service When All Case Participants Are CM/ECF Participants**

I hereby certify that on  August 14, 2015 , I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/  Wendy M. Ward

☐ **CERTIFICATE OF SERVICE**
**Certificate of Service When Not All Case Participants Are CM/ECF Participants**

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

| counsel / party: | address: |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

s/_____